UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROYAL MARCO POINT 1 CONDOMINIUM
ASSOCIATION, INC.,

                Plaintiff,

-vs-                                              Case No. 2:07-cv-16-FtM-34SPC

QBE INSURANCE CORPORATION,

                Defendant.
_____

### REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This matter comes before the Court on the Plaintiff Royal Marco Point I Condominium Association, Inc.'s Renewed Motion for Entry of an Order Lifting the Stay and to Permit Further Proceedings and Confirming the Appraisal Award (Doc. #61) filed on June 17, 2008. The Defendant filed its Response in Opposition to confirming the Appraisal Award (Doc. # 62) on June 27, 2008. The Plaintiff, with leave of the Court, filed a Reply Brief (Doc. # 66) in response to the Defendant's Response in Opposition on July 15, 2008. The District Court lifted the Stay and referred the matter to this Court on August 4, 2008 (Doc. # 68) for a Report and Recommendation on the confirmation of the Appraisal Award. The case was subsequently reassigned later that day to an Unassigned Judge. United States District Judge John E. Steele confirmed the referral of the matter to the undersigned for a Report and Recommendation on August 5, 2008. Thus, the matter is now ripe for the Court's review.

## FACTS

This case arises out of a dispute over the Defendant's alleged breach of contract for failure to pay damages to Royal Marco Condominiums caused by Hurricane Wilma. On October 24, 2005, the Plaintiff suffered, "severe damage" to the subject property caused by Hurricane Wilma. The property was protected by an all-risk property policy issued by the Defendant. According to the Plaintiff, the Defendant was immediately notified of the damages. The Defendant assigned an adjuster and contractors to visit the property and assess the damages. The Plaintiff states it began to make repairs on the property, including putting on a temporary roof and hiring workers to clear debris.

On December 7, 2005, the Plaintiff presented the Defendant with bills and invoices relating to the repairs on the property. On March 17, 2006, the Defendant made a partial payment of $250,000.00 to cover the expenses. To pay for the repair work, the Plaintiff states it took out over $2,000,000.00 in loans and levied special assessments on the condominium members.

On November 30, 2006, the Plaintiff served on the Florida Department of Financial Services a Civil Remedy Notice of Insurer Violations. Unsatisfied with the Defendant's response to the Civil Remedy Notice of Insurer Violations, the Plaintiff filed a Complaint with this Court on January 12, 2007, and subsequently filed an Amended Complaint on February 5, 2007. On March 23, 2007, the Defendant filed the instant Motion to Compel Appraisal.

On August 14, 2007, the undersigned issued a Report and Recommendation (Doc. # 44) recommending the appraisal process be compelled. Both Parties objected to the Report and Recommendation but nevertheless moved forward with the appraisal process. An appraisal award was issued in favor of the Plaintiff on June 3, 2008, by a neutral appraiser, in the amount of

$2,244,455.00. (Doc. # 59, Ex. A). The Plaintiff now moves for a court order confirming the appraisal. The Defendant objects to the confirmation.

## DISCUSSION

The procedure used by Florida courts is to allow the insured to petition or move for confirmation of an appraisal award. Muckenfuss v. Hanover Insurance Co., 2007 WL 1174098 *2 (M.D. Fla. April 18, 2007) (citing Three Palms Pointe, Inc. v. State Farm Fire and Casualty, Co., 250 F. Supp. 2d 1357, 1362 (M.D. Fla. 2003) *aff'd* 362 F.3d 1317 (11th Cir. 2004)). Thus, the Plaintiff moves the Court to confirm the appraisal award. The Defendant objects to the confirmation of the appraisal award arguing the award has already been paid out and therefore there remains nothing to confirm. The Defendant argues that confirmation of the award will entitle the Plaintiff its attorney's fees and costs. The Defendant argues Florida courts have held that confirmation and subsequent attorney's fees are inappropriate in cases where the insurer pays the appraisal award. Id.; Nationwide Property & Casualty Insurance v. Bobinski, 776 So. 2d 1047 (Fla. 5th DCA 2001).

Pursuant to Fla. Stat. 627.428 the Plaintiff may seek attorney's fees incurred during this litigation if the appraisal award is confirmed by the Court. Grow v. First National Insurance Co. of America, 2008 WL 141481 * 3 (N.D. Fla. January 11, 2008). To recover attorney's fees under § 627.428 there must be a judgment in favor of the insured. Settlement of a claim or payment of an appraisal determination can constitute a confession of judgment. Grow, 2008 WL 141481 * 3 (citing Pepper's Steel & Alloys, Inc. v. U.S., 850 So.2d 462, 465 (Fla. 2003) (holding "[i]n Florida, the payment of a settlement claim is the functional equivalent of a confession of judgment or a verdict in favor of the insured."); Magnetic Imaging Systems, I, Limited v. Prudential Property & Casualty Insurance Co., 847 So.2d 987, 990 (Fla. 3d DCA 2003) (holding "[w]here an insurer makes payment

of a claim after suit is filed, but before a judgment is rendered, such payment operates as a confession of judgment, entitling the insured to an attorney's fee award."). This "confession of judgment doctrine" exists so that insurers cannot escape paying attorney's fees by settling after they are sued but before final judgment. Grow, 2008 WL 141481 * 3 (citing Gibson v. Walker, 380 So.2d 531, 533 (Fla. 5th DCA 1980)). Under this doctrine, an insured may recover attorney's fees incurred in reaching a settlement, compelling arbitration or appraisal, or conducting an appraisal. Pepper's Steel & Alloys, Inc. v. U.S., 850 So.2d 462, 465 (citing United States v. Pepper's Steel & Alloys, 289 F.3d 741, 743 (11th Cir.2002)) (settlement); Latin American Property & Casualty Inssurance, Co. v. Pastor, 561 So.2d 1302, 1303 (Fla. 3d DCA 1990) (compelling arbitration). Attorney's fees are not warranted, however, where the insurer pays the appraisal award before the insured files suit. Grow, 2008 WL 141481 * 3 (Bobinski, 776 So.2d at 1048-1049).

The Defendant's argument relies heavily on Federated National Insurance Co. v. Esposito, 937 So. 2d 199 (Fla. 4th DCA 2006). The Defendant attempts to argue that in Esposito the Court overturned the confirmation and award of attorney's fees because there was no dispute in coverage only in the amount of the damage. However, the Defendant's reliance on Esposito, is misplaced.

In Esposito, Florida's Fourth District Court of Appeals overturned the Circuit Court's confirmation of the appraisal and award of attorney's fees holding that confirmation of an previously paid appraisal award represented unwarranted court intervention. The award in Esposito was paid prior to the case being filed in state court. Id. at 200. Thus, the instant case is easily distinguishable from Esposito because in this case the Plaintiff filed suit in this Court three months prior to the Defendant seeking to enter into the appraisal process. As the Eleventh Circuit held in Grow, "the court in Esposito, declined to award attorney's fees because the insured did not have to take action

to compel the insurance company to pay; instead the insured filed suit even though the insurer was complying with the terms of its insurance contract providing for alternative dispute resolution. 2008 WL 141481 * 3 (citing Esposito, 937 So. 2d at 200-201)). In Grow, unlike his case, the defendant insurer begin the apprisal process three (3) months before the plaintiff insured filed its lawsuit. Grow, 2008 WL 141481 * 4.

In this instance, the Plaintiff filed its Complaint with the Court on January 11, 2007. The Defendant did not move for an appraisal until March 23, 2007, some 514 days after the storm damage actually occurred. Furthermore, the Plaintiff attempted on two occasions to resolve the matter before the Florida Department of Financial Services in March of 2006, and by filing a Civil Remedy Notice on a bad faith claim to encourage QBE to cover the damage. The appraisal award was issued on June 3, 2008, the Defendant paid the appraisal award on June 25, 2008, after the Plaintiff had moved to confirm the appraisal award.

It is clear form the record that the insurer's actions over the course of discussions both prior to the litigation and after the litigation was filed, caused the Plaintiff to hire an attorney and proceed to court. The purpose behind section 627.428 is plainly to place the insured or beneficiary in the place she would have been if the carrier had seasonably paid the claim or benefits without causing the payee to engage counsel and incur obligations for attorney's fees." Esposito, 937 So.2d at 202 (citing Travelers Indemnity Insurance Co., of Illinois v. Meadows MRI, LLP., 900 So.2d 676, 679 (Fla. 4th DCA 2005)). Thus it is respectfully recommended that the appraisal award be confirmed by the District Court and subsequently attorney's fees should be paid.

Accordingly, it is now

**RESPECTFULLY RECOMMENDED:**

The Plaintiff Royal Marco Point I Condominium Association, Inc.'s Renewed Motion for Entry of an Order Lifting the Stay and to Permit Further Proceedings and Confirming the Appraisal Award (Doc. #61) should be **GRANTED**.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Respectfully recommended** at Fort Myers, Florida, this   8th   day of August, 2008.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record