UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROYAL MARCO POINT 1 CONDOMINIUM ASSOCIATION, INC.,

          Plaintiff,

vs.                                  Case No.  2:07-cv-16-FtM-99SPC

QBE INSURANCE CORPORATION,

          Defendant.
_____

**OPINION AND ORDER**

     This matter comes before the Court on a Report and Recommendation (Doc. #74) recommending that Plaintiff Royal Marco Point I Condominium Association's Renewed Motion for Entry of an Order Lifting the Stay to Permit Further Proceedings, and Confirming Appraisal Award (Doc. #61) be granted. Defendant filed Objections (Doc. #77), plaintiff filed a Response to Objections (Doc. #79), and defendant filed a Reply (Doc. #87).

**I.**

    After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify, in whole or in party, the magistrate judge's findings and recommendations. 28 U.S.C. § 636(b)(1); <u>Stephens v. Tolbert</u>, 471 F.3d 1173, 1176 (11th Cir. 2006). A district judge "shall make a de novo determination of those portions of the report or specified

proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990)(quoting H.R. 1609, 94th Cong., § 2 (1976)). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994).

## II.

As the Report and Recommendation sets forth, on October 24, 2005, plaintiff suffered damage to the Royal Marco Condominiums caused by Hurricane Wilma and notified its insurance carrier defendant QBE Insurance Corporation (QBE or defendant) of its claim. On December 7, 2005, plaintiff presented QBE with bills and invoices relating to repairs to the property. On March 17, 2006, QBE made a partial payment of $250,000 to cover the expenses. Receiving no further payment, plaintiff filed a Civil Remedy Notice of Insurer Violations on November 30, 2006, a Complaint (Doc. #1) in federal court on January 12, 2007, and an Amended Complaint (Doc. #6) on February 5, 2007. The Amended Complaint asserts that as of the date of filing plaintiff had received $1,892,520.96 from the insurer, which was only a fraction of the amount spent to repair the damages. (Doc. #6, ¶ 30.) On March 23, 2007, defendant

filed a Motion to Invoke/Compel Appraisal, Motion to Delineate Scope of Appraisal, and Motion to Stay Litigation or, Alternatively, Motion to Dismiss Count II of Amended Complaint (Doc. #14), in which it asserts that "the parties are in dispute as to the amount of loss" (Doc. #14, ¶ 2) and invoked the right to participate in an appraisal as provided by the insurance policy. A Report and Recommendation (Doc. #44) was filed on August 14, 2007 recommending that the appraisal process be compelled. Before the Court ruled on objections, the parties filed a Joint Motion (Doc. #52) on December 20, 2007, resolving the appraisal issue. In due course the Joint Motion was granted and the Motion to Compel Appraisal was denied as moot (Doc. #55). On June 2, 2008, an appraisal award in the amount of $2,244,455.00 was entered in favor of plaintiff. QBE paid the appraisal amount later in June 2008.

It is clear from the record, and the Court so finds, that the parties to this case had a dispute as to amount of the loss caused by Hurricane Wilma, that plaintiff complied with the policy prior to filing its lawsuit, that the dispute had not been resolved prior to the time plaintiff filed its Complaint, that over 500 days had passed from the damage to the time defendant invoked the appraisal process, that defendant had denied benefits plaintiff was entitled to, that resort to the court was necessary in order for plaintiff to receive benefits owed to plaintiffs, and that the lawsuit was filed to obtain these benefits and not simply to obtain attorney fees. Payment of the appraisal amount under these circumstances

constitutes a confession of judgment, entitling plaintiffs to entry of judgment confirming the appraisal award. Jerkins v. USF & G Specialty Ins. Co., 982 So. 2d 15 (Fla. 5th DCA 2008); First Floridian Auto & Home Ins. Co. v. Myrick, 969 So. 2d 1121 (Fla. 3d DCA 2007). Thus, the Court accepts and adopts the recommendation that the appraisal award be confirmed.[1]

The Court agrees with defendant's objection that the Report and Recommendation improperly determined plaintiff's entitlement to attorney fees.  The only relief requested in the then-pending motion was to confirm the appraisal award; while the motion also requested the court to retain jurisdiction as to interest, costs and fees "as may be appropriate," (Doc. #61, p. 3), it did not raise the issue of entitlement to attorney fees.  Plaintiff's Motion for Entry of an Order Confirming Its Entitlement to Attorney's Fees, Determining Its Entitlement to Prejudgment Interest, and Adjudicating the Amount of Interest to be Awarded (Doc. #75) was filed after the Report and Recommendation, and the Reply (Doc. #87) was filed today.  Due process requires that defendant be given notice of the issue and the opportunity to be fully heard before the court makes a decision as to entitlement of attorney fees.  The Court rejects plaintiff's argument that FLA.

---

[1] Both parties agree that the Report and Recommendation erroneously states that "[t]he award in Esposito was paid prior to the case being filed in state court." (Doc. #74, p. 4.)  Since the award in Federated Nat'l Ins. Co. v. Esposito, 937 So. 2d 199 (Fla. 4th DCA 2006) was paid after the suit was initiated, this portion of the Report and Recommendation is not accepted or adopted.

-4-

STAT. § 627.428(1) requires a court to impose attorney fees even if a motion is never filed.  Plaintiff cites no case so holding, and the Eleventh Circuit has declined to award fees under some circumstances.  E.g., Progressive Express Ins. Co. v. Weitz, 218 Fed. Appx. 846 (11th Cir. 2007).  Even if such was the case under Florida procedure, the court follows the federal procedure in FED. R. CIV. P. 54(d)(2), even in a diversity case.

Accordingly, it is now

**ORDERED**:

1.  The Report and Recommendation (Doc. #74) is **ACCEPTED IN PART AND REJECTED IN PART.**

2.  Plaintiff Royal Marco Point I Condominium Association's Renewed Motion for Entry of an Order Lifting the Stay to Permit Further Proceedings, and Confirming Appraisal Award (Doc. #61) is **GRANTED**.  Judgment will enter confirming the appraisal.  The Clerk of the Court shall withhold entering judgment until the conclusion of the case.

3.  The portion of the Report and Recommendation determining that plaintiff is entitled to attorney fees is **REJECTED**.  The issue of entitlement to attorney fees will be made in conjunction with the pending motion for attorney fees.

**DONE AND ORDERED** at Fort Myers, Florida, this ___10th___ day of September, 2008.

/s/ John E. Steele
JOHN E. STEELE
United States District Judge

Copies:
Hon. Sheri Polster Chappell
U.S. Magistrate Judge

Counsel of record