IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROYAL MARCO POINT I
CONDOMINIUM ASSOCIATION, INC.,

                Plaintiff,              Case No. 3:07 CV 16

-vs-

                                        OPINION & ORDER

QBE INSURANCE CORPORATION,

                Defendant.

KATZ, J.

This matter is now before the Court on plaintiff Royal Marco's proffer of evidence (filed under seal), as well as defendant QBE Insurance Corp.'s response thereto. The Court, finding that the proffer adequately shows a reasonable basis for recovery of punitive damages in this action, will grant Royal Marco's request for further discovery on the issue.

It is important to emphasize, at the outset, the limited nature of the review a court may undertake in considering the sufficiency of an evidentiary proffer under Fla. Stat. § 768.72. Courts reviewing such proffers have recognized that "a 'proffer' according to traditional notions of the term, connotes merely an 'offer' of evidence and neither the term standing alone nor the statute itself calls for an adjudication of the underlying veracity of that which is submitted, much less for countervailing evidentiary submissions." *Estate of Despain v. Avante Group, Inc.*, 900 So.2d 637, 642 (Fla. 5th DCA 2005) (quoting *State of Wisconsin Investment Board v. Plantation Square Associates, Ltd.*, 761 F.Supp. 1569, 1581 n. 21 (S.D.Fla.1991)). Therefore, "an evidentiary hearing where witnesses testify and evidence is offered and scrutinized under the pertinent evidentiary rules, as in a trial, is neither contemplated nor mandated by the statute in order to determine whether a reasonable basis has been established to plead punitive damages." *Id*.

(collecting cases). It is thus neither necessary nor appropriate for a court to make evidentiary rulings, weigh rebuttal evidence, or engage in credibility determinations in considering the sufficiency of the proffer. The narrow scope of this inquiry reflects § 768.72's concern with the threat of broad and sensitive discovery being ordered as to "insubstantial punitive damage claims." *Wisconsin Investment Board*, 761 F.Supp. at 1580-1581.

QBE's suggestion that the evidence proffered by Royal Marco should be held to the same standards that apply to summary judgment motions is not well taken, as it runs contrary both to the case law and the consistent practice of the Florida courts. Instead, the many courts to have considered the issue hold that a proffer should be evaluated by standards akin to those governing a motion to dismiss, where the truth of the plaintiff's allegations are assumed, and not the more rigorous summary judgment standard, where the opposing party must show that there is sufficient admissible evidence in the record to support a reasonable jury finding in his favor. See, *e.g.*, *Estate of Despain*, 900 So.2d at 644 ("We are of the view that the standard that applies to determine whether a reasonable basis has been shown to plead a claim for punitive damages should be similar to the standard that is applied to determine whether a complaint states a cause of action."); *Will v. Systems Eng'g Consultants, Inc.*, 554 So.2d 591, 592 (Fla. 3d DCA 1989) ("The conventional summary judgment analysis is inapplicable" in evaluating a proffer under § 768.72); *Porter v. Ogden, Newell & Welch*, 241 F.3d 1334, 1341 (11th Cir. 2001) ("[T]he Florida courts entertain the punitive damage issue by way of a motion to dismiss or a motion to strike, not a summary judgment motion.").[1]

---

[1] QBE's citation of *Norwegian Cruise Lines, Ltd. v. Zareno*, 712 So.2d 791 (Fla. 3d DCA 1998) for the contrary proposition is based on a misunderstanding. At issue in *Zareno* was whether § 768.72
(continued...)

2

Consistent with the above principles, the Court will not undertake "a fact intensive investigation into the merits" of Royal Marco's punitive damages claim at this time. *Porter v. Ogden, Newell & Welch*, 241 F.3d 1334, 1341 (11th Cir. 2001). Instead, the Court looks only to whether Royal Marco's proffered evidence satisfies its preliminary burden of showing a "reasonable basis for recovery" of punitive damages so as to permit further discovery on the issue. Fla. Stat. § 768.72(1). In this analysis, the Court looks "only to those assertions of [QBE] which would show [Royal Marco's] factual bases to be patently false or irrelevant", and not the alternative evidentiary proffers that have been submitted by QBE. *Wisconsin Investment Board*, 761 F.Supp. at 1581. Full-scale adversarial testing of the voluminous evidence submitted by both parties in connection with the proffer will have to wait until another day.

Similarly, issues relating to whether the proffered evidence will be admissible at trial are not now properly before the Court. Although QBE vigorously contends that much of Royal Marco's proffer has not been authenticated or is inadmissible hearsay, these objections are not relevant at present because "a proffer is merely a representation of what evidence the defendant proposes to present and is not actual evidence." *Estate of Despain*, 900 So.2d at 643 (internal quotation marks omitted). By allowing a punitive damages claimant to satisfy his initial burden

---

[1](...continued)
applied to punitive damages claims brought under federal maritime law in Florida state court. The answer to that question depended on whether § 768.72 was substantive or procedural in character. In holding that § 768.72 was procedural, the *Zareno* Court reasoned that § 768.72 serves the same "screening" function in a federal maritime action brought in state court as a summary judgment motion would if the same action were brought in federal court, where § 768.72 undoubtedly would not apply. *Zareno*, 712 So.2d at 794. But the *Zaraneo* Court did not mean to go further and suggest that both procedures also involve the same standard of review.

by means of a proffer, § 768.72 contemplates that a claimant might obtain admissible evidence or cure existing admissibility issues through subsequent discovery.

The Court has carefully reviewed the array of evidentiary material Royal Marco has submitted as part of its proffer, as well as QBE's response thereto, and finds on the basis of that review that Royal Marco has met its burden of demonstrating a reasonable basis for recovery of punitive damages. As has been the practice of other courts in making preliminary § 768.72 determinations, the Court will not comment specifically on the contents of the proffer, but suffice it to say that Royal Marco has made a sufficient threshold showing that QBE did not comply with its good faith obligations in handling Royal Marco's claim, and that QBE's failure in this regard was not isolated but reflected a general business practice of reckless disregard for the rights of its insureds.

To summarize, the Court today finds merely that Royal Marco has shown a substantial enough basis for its punitive damages claim so as to proceed with additional discovery on that issue. Thus, Royal Marco's request that this Court permit it to engage in "other claims" discovery as well as net worth, financial incentive, and money-flow discovery is granted.

However, the grant of Royal Marco's request should not be taken as an issuance of a license for a broad "fishing expedition." Discovery on the issues involved in establishing punitive damages is to be narrowly tailored and will be closely monitored by the Court.

IT IS SO ORDERED.

    s/ *David A. Katz*  
    DAVID A. KATZ  
    U. S. DISTRICT JUDGE