UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROYAL MARCO POINT 1 CONDOMINIUM
ASSOCIATION, INC.,

                Plaintiff,

-vs-                                                Case No.  2:07-cv-16-FtM-99SPC

QBE INSURANCE CORPORATION,

                Defendant.
_____

## ORDER

This matter comes before the Court on Royal Marco's Emergency Motion to Compel (Doc. #S-6) filed on November 12, 2010.  Defendant QBE filed a response in opposition (Doc. # S-7) on November 23, 2010.  On November 23, 2010, the Defendant submitted a supplemental privilege log (Doc. #284-1), related to portions of its claims manual, litigation manual, disaster response plans, and other related policies and procedures documents.  The Court held a hearing to discuss the issues raised by the instant Motion on December 1, 2010.  Counsel for QBE represented that all documents which Royal Marco seeks to compel have already been produced with the exception of documents listed on QBE's privilege log. At the hearing, the Court directed QBE to produce for *in camera* review the documents for which it claimed a privilege.

The Defendant makes two claims for privilege one based upon relevancy and the other based upon the attorney-client privilege.  Regarding the relevancy objections, the Defendant states that pages Bates stamped QBE 3rd Supp. 683, 692-726, 727-728, 730, 769, 772, 774,-776, 781, 783-784, 817-820, and 821-828 are protected because they are not relevant to this action.  As the Court ruled

at the hearing, QBE has to produce all documents that were not produced based on a relevancy privilege to Royal Marco. Thus, the relevancy objections listed in the privilege log are overruled and the above listed documents must be produced as directed by the Court at the hearing.

The Defendant claimed the attorney-client privilege for documents Bates stamped QBE 3rd Supp. 683, 738-749, 750-751, 752-759, 760-768, and 817-820. The elements of the attorney-client privilege are: (1) Where legal service advice of any kind is sought, (2) from a professional legal advisor in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence, (5) by the client, (6) are at his instance permanently protected, (7) from disclosure by himself or by the legal advisor, (8) except the protection may be waived. Universal City Development Partners, Ltd. v. Ride & Show Engineering, Inc., 230 F.R.D. 688, 690 (M.D. Fla.2005) (quoting International Telephone and Telegraph Corp. v. United Telephone Co., 60 F.R.D. 177, 184-185 (M. D. Fla. 1973)). The attorney-client privilege is only available when all the elements are present. Universal City Development Partners, Ltd., 230 F.R.D. at 690 (citing Provenzano v. Singletary, 3 F. Supp 2d 1353, 1366 (M.D. Fla. 1999) *aff'd,* 148 F.3d 1327 (11th Cir. 1998).

The party asserting the privilege has the burden of proving the existence of the privilege. United States v. Schaltenbrand, 930 F.2d 1554, 1562 (11th Cir. 1991). The privilege extends to communications from an attorney to his client, as well as the reverse. Knights Armament Co. v. Optical Systems Technology, Inc., 2009 WL 331608 *2 (M.D. Fla. February 10, 2009) (citing U.S. v. Pepper's Steel & Alloys, Inc.*,* 1991 WL 1302864 * 3 (S.D. Fla. Mar.19, 1991)). When a corporation is a client, communications between any corporate employee, acting within the scope of his corporate duties, and an attorney for the corporation through which the corporation may obtain legal advice, may be privileged. Knights Armament Co., 2009 WL 331608 at *2 (citing Upjohn Co.

v. United States, 449 U.S. 383, 394, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981). " '[T]he protection of the privilege extends only to communications and not to facts.... The client cannot be compelled to answer the question, 'What did you say or write to the attorney?' but may not refuse to disclose any relevant fact within his knowledge merely because he incorporated a statement of such fact into his communication with his attorney.' " Id. at 395-396 (quoting Philadelphia v. Westinghouse Elec. Corp., 205 F.Supp. 830, 831 (1962)). Similarly, all communications between an attorney and a client are not privileged. Knights Armament Co., 2009 WL 331608 at *2 (citing In re Grand Jury Matter No. 91-01386, 969 F.2d 995, 997 (11th Cir.1992)). For example, when information is communicated to a lawyer with the intent that the information be publicly disclosed, courts have found that the communications are not intended to be confidential. Knights Armament Co., 2009 WL 331608 at *2 (citing In re Hillsborough Holdings Corp., 118 B.R. 866, 869-70 (M.D. Fla.1990).

In this instance, the documents are not statements between an attorney and his or her client regarding legal service or advice sought for this case from a professional legal advisor operating in that capacity. Instead, the pages are excerpts from the Defendant's claim and litigation manuals that detail when and how reports should be filed or submitted from defense counsel to the corporation and vice versa. For example, QBE 3rd Supp 756 details how communications between a company representative and the defense counsel should be formatted. The manual details that after verbally referring a matter to defense counsel, the file handler should provide defense counsel with a follow up referral letter. The manual lists the subject matters that should be included in the letter such as a brief summary of the investigation, but does not provide substantive information regarding any specifics of the case. While the contents of the letter itself might be covered by the attorney-client privilege, the manual directing that a letter be sent is not.

Thus, the attorney-client privilege does not apply to the manuals because they merely provided a framework of how the corporation and its various officials will communicate and develop the action with the defense counsel. No substance or legal advice or case specific strategy is involved. Thus the manuals themselves are merely procedural and factual in nature and not protected by the attorney-client privilege.

While the Defendant did not specifically argue that the manuals are attorney work product, that argument would also fail. Like the attorney-client privilege, the party asserting the work-product privilege has the burden to prove that the documents sought are protected work product. <u>Palmer v Westfield Insurance Company</u>, 2006 WL 2612168 (M.D. Fla. June 30, 2006). The work-product privilege "typically applies only to documents prepared principally or exclusively to assist in anticipation or ongoing litigation." <u>Id.</u> at * 3. Unlike the attorney-client privilege, which is controlled by state law in diversity cases, the work-product privilege is controlled by Rule 26 of the Federal Rules of Civil Procedure. <u>Id.</u> at * 2. The Rule states in pertinent part:

> a party may obtain discovery of documents . . . otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative . . . only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the material by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

Fed R .Civ. P. 26(b)(3).

The manuals themselves contain no mental impressions, conclusions, opinions, or legal theories regarding this case or any other action the Defendant may be involved in at any given time. Instead, the manuals and requested production merely provide a framework relating to how the defense counsel and the various functionaries of the corporation should communicate. Therefore, the work product privilege would not be applicable under these circumstances.

Accordingly, it is now

**ORDERED:**

The Defendant QBE Insurance Corporation is hereby directed to produce the following documents Bates stamped QBE 3rd Supp 683, 692-726, 727-728, 730, 738-749, 750-751, 752-759, 760-768, 769, 772, 774-776, 781, 783-784, 817-820 and 821-828. The Defendant QBE Insurance Corporation shall produce the above listed documents on or before **5:00pm December 17, 2010.**

**DONE AND ORDERED** at Fort Myers, Florida, this ___14th___ day of December, 2010.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record