## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

ROYAL MARCO POINT 1 CONDOMINIUM
ASSOCIATION, INC.,

                        Plaintiff,

-vs-                                         Case No.  2:07-cv-16-FtM-99SPC

QBE INSURANCE CORPORATION,

                        Defendant.

_____

### ORDER

       This matter comes before the Court on Royal Marco's Motion in Limine to Preclude Expert

Testimony of William Lewis, Esq. and Incorporated Memorandum of Law (Doc. #303) filed on

January 6, 2011, and Defendant's Response to Plaintiff's Motion in Limine to Preclude Expert

Testimony of William Lewis, Esq. and Incorporated Memorandum of Law (Doc. #327) filed on

January 21, 2011; Defendant's Motion in Limine to Exclude References to or Evidence of General

Business Practices which are Unrelated and/or Not at Issue in the Instant Case and Incorporated

Memorandum of Law (Doc. #304) filed on January 7, 2011, and Royal Marco's Response to QBE's

Motion in Limine to Exclude References to or Evidence of General Business Practices which are

Unrelated and/or Not at Issue in the Instant Case and Incorporated Memorandum of Law (Sealed

Doc. #9) filed on January 21, 2011; Defendant's Motion in Limine to Exclude References to or

Evidence of Negotiations, Discussions, Comments, or Documents Related to Settlement of Other

Claims/Litigation and Incorporated Memorandum of Law (Doc. #305) filed on January 7, 2011, and

Royal Marco's Response to QBE's Motion in Limine to Exclude References to or Evidence of Negotiations, Discussions, Comments, or Documents Related to Settlement of Other Claims/Litigation and Incorporated Memorandum of Law (Sealed Doc. #10) filed on January 21, 2011; Defendant's Motion in Limine to Exclude References to and Evidence of Complaints and Civil Remedy Notices and Incorporated Memorandum of Law (Doc. #306) filed on January 7, 2011, and Royal Marco's Response to QBE's Motion in Limine to Exclude References to and Evidence of Complaints and Civil Remedy Notices and Incorporated Memorandum of Law (Sealed Doc. #11) filed on January 21, 2011; Defendant's Motion in Limine to Exclude References to or Evidence of Litigation Conduct and Incorporated Memorandum of Law (Doc. #307) filed on January 7, 2011, and  Royal Marco's Response to QBE's Motion  in Limine to Exclude References to or Evidence of Litigation Conduct and Incorporated Memorandum of Law (Sealed Doc. #12) filed on January 21, 2011; Defendant's Motion in Limine to Exclude References to and Evidence of Indemnity Reserves and Incorporated Memorandum of Law (Doc. #308) filed on January 7, 2011, and  Royal Marco's Response to QBE's Motion in Limine to Exclude References to and Evidence of Indemnity Reserves and Incorporated Memorandum of Law (Sealed Doc. #13) filed on January 21, 2011; Defendant's Motion in Limine to Exclude References to "Denial Team" and Incorporated Memorandum of Law (Doc. #309) filed on January 7, 2011, and  Royal Marco's Response to QBE's Motion  in Limine to Exclude References to "Denial Team" and Incorporated Memorandum of Law (Doc. #328) filed on January 21, 2011; Defendant's Motion in Limine to Exclude References to or Evidence of Any Information Derived from Documents Inadvertently Produced by QBE (Doc. #310) filed on January 7, 2011, and Royal Marco's Response to QBE's Motion  in Limine to Exclude References to or Evidence of Any Information Derived from Documents Inadvertently Produced by

QBE and Incorporated Memorandum of Law (Doc. #330) filed on January 21, 2011; Royal Marco's

Motion in Limine for Adverse Inference Jury Instructions and Incorporated Memorandum of Law

(Doc. #311) filed on January 7, 2011, and Defendant's Response to Plaintiff's Motion in Limine for

Adverse Inference Jury Instructions and Incorporated Memorandum of Law (Doc. #322) filed on

January 21, 2011; Royal Marco's Motion in Limine Precluding QBE from Introducing and/or

Eliciting Irrelevant and Prejudicial Evidence and Incorporated Memorandum of Law (Doc. #312)

filed on January 7, 2011, and Defendant's Response in Opposition to Plaintiff's Motion in Limine

Precluding QBE from Introducing and/or Eliciting Irrelevant and Prejudicial Evidence (Doc. #323)

filed on January 21, 2011; Royal Marco's Motion in Limine Precluding QBE from (1) Calling

Witnesses and/or Introducing or Eliciting Information about Documents QBE did not Identify and/or

Produce in Discovery and (2) Challenging the Authenticity of Documents Produced by its Agent

Willis Re and Incorporated Memorandum of Law (Doc. #313) filed on January 7, 2011, and

Defendant's Response to Plaintiff's Motion in Limine (Doc. #324) filed on January 21, 2011; Royal

Marco's Motion in Limine to Preclude QBE from Relying Upon or Mentioning the Target Market

Conduct Examination Report and Resulting Consent Order and Incorporated Memorandum of Law

(Doc. #316) filed on January 7, 2011, and Defendant's Response to Plaintiff's Motion in Limine to

Preclude QBE from Replying Upon or Mentioning the Target Market Conduct Examination Report

and Resulting Consent Order (Doc. #325); and Royal Marco's Motion in Limine to Preclude QBE

from Commenting Upon, Referring to, Introducing Evidence of, Eliciting Testimony Regarding or

Otherwise Attempting to Inform the Jury of Irrelevant Evidence Such as (1) Royal Marco's Alleged

Non-Compliance with Policy Conditions and (2) Royal Marco's Residents' Wealth and Incorporated

Memorandum of Law (Doc. #317) filed on January 7, 2011, and Defendant's Response in

Opposition to Plaintiff's Motion in Limine to Preclude QBE from Commenting Upon, Referring to,

Introducing Evidence of, Eliciting Testimony Regarding or Otherwise Attempting to Inform the Jury

of Irrelevant Evidence Such as (1) Royal Marco's Alleged Non-Compliance with Policy Conditions

and (2) Royal Marco's Residents' Wealth and Incorporated Memorandum of Law (Doc. #326) filed

on January 21, 2011.

A Motion in Limine presents a pretrial issue of admissibility of evidence that is likely to arise

at trial, and as such, the order, like any other interlocutory order, remains subject to reconsideration

by the court throughout the trial. Stewart v. Hooters of America, Inc., 2007 WL 1752873 *1 (M.D.

Fla. June 18, 2007) (citing Schuler v. Mid-Central Cardiology, 313 Ill.App.3d 326, 246 Ill.Dec. 163,

729 N.E.2d 536 (4th Dist.2000)). The real purpose of a Motion In Limine is to give the trial judge

notice of the movant's position so as to avoid the introduction of damaging evidence, which may

irretrievably affect the fairness of the trial. Stewart, 2007 WL 1752873 at *1. A court has the power

to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds.

Id. (citing Luce v. United States, 469 U.S. 38, 41, 105 S.Ct. 460, 83 L.Ed.2d 443(1984) (holding

federal district courts have authority to make in limine rulings pursuant to their authority to manage

trials). The court excludes evidence on a Motion In Limine only if the evidence is clearly

inadmissible for any purpose. Stewart, 2007 WL 1752873 at *1 (citing Hawthorne Partners v. AT

& T Technologies, 831 F.Supp. 1398, 1400 (N.D. Ill.1993)). Motions In Limine are disfavored;

admissibility questions should be ruled upon as they arise at trial. Stewart, 2007 WL 1752873 at *1.

Accordingly, if evidence is not clearly inadmissible, evidentiary rulings must be deferred until trial

to allow questions of foundation, relevancy, and prejudice to be resolved in context. Id. Denial of

a Motion In Limine does not insure evidence contemplated by the motion will be admitted at trial.

Id.  Instead, denial of the motion means the court cannot determine whether the evidence in question should be excluded outside the trial context. Id. (citing U.S. v. Connelly, 874 F.2d 412, 416 (7th Cir. 1989)).  The Court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied Motion In Limine.  Stewart, 2007 WL 1752873 at *1. "Indeed, even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling."  Id. (citing Hawthorne Partners, 831 F.Supp. at 1400-01).   The Court will address each motion in limine in turn.

### (A) Royal Marco's Motion in Limine to Preclude Expert Testimony of William Lewis, Esq. and Incorporated Memorandum of Law (Doc. #303)

Royal Marco moves pursuant to Federal Rule of Evidence 702 to preclude William Lewis, Esq. from testifying as QBE's expert, because he is unqualified, his opinions are unreliable and he offers only improper legal conclusions, some in direct contradiction of this Court's previous findings.  QBE has designated Lewis as its "attorney expert on insurance business and claim practices."  Lewis is an insurance coverage defense attorney who has purportedly knowledge of insurance litigation and standards for adjustment of claims and best claim practices, but admits to having no first-hand claims handling experience.

Federal Rule 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

In Kumho Tire Co. v. Carmichael, 526 U.S. 137, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999) and Daubert v. Merrell Dow Pharms., 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993) the

Supreme Court held that the trial court has a "gatekeeper" function designed to ensure that any and all expert testimony is both relevant and reliable. The importance of this gatekeeping function "cannot be overstated." United States v. Frazier, 387 F.3d 1244, 1260 (11th Cir.2004) (en banc).

In determining the admissibility of expert testimony under Rule 702, the Court applies a "rigorous" three-part inquiry. Frazier, 387 F.3d at 1260. "Expert testimony is admissible if (1) the expert is qualified to testify on the topic at issue, (2) the methodology used by the expert is sufficiently reliable, and (3) the testimony will assist the trier of fact." Club Car, Inc. v. Club Car (Quebec) Imp., Inc., 362 F.3d 775, 780 (11th Cir.2004). See also Kilpatrick v. Breg, Inc., 613 F.3d 1329, 1335 (11th Cir. 2010); United States v. Hansen, 262 F.3d 1217, 1234 (11th Cir. 2001). "The burden of laying the proper foundation for the admission of expert testimony is on the party offering the expert, and the admissibility must be shown by a preponderance of the evidence." Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1261 (11th Cir. 2004). See also McCorvey v. Baxter Healthcare Corp., 298 F.3d 1253, 1256 (11th Cir. 2002). The admission of expert testimony is a matter within the discretion of the district court, which is accorded considerable leeway in making its determination. Cook ex rel. Tessier v. Sheriff of Monroe County, 402 F.3d 1092, 1103 (11th Cir. 2005); Frazier, 387 F.3d at 1258.

The first requirement for the admissibility of expert testimony is that the expert is qualified to testify competently regarding the matters he or she intends to address. Kilpatrick, 613 F.3d at 1335; Hansen, 262 F.3d at 1234; City of Tuscaloosa v. Harcros Chems., 158 F.3d 548, 563 (11th Cir. 1998). Rule 702 permits a person to qualify as an expert based upon knowledge, skill, experience, training, or education. Frazier, 387 F.3d at 1260-61. Reliability is different than believability or

persuasiveness, which remains an issue for the trier of fact.  Rink v. Cheminova, Inc., 400 F.3d 1286, 1293 n.7 (11th Cir. 2005).

The second requirement, discrete and independent from the witness's qualifications, is the reliability of the methodology.  Kilpatrick, 613 F.3d at 1335; Frazier, 387 F.3d at 1261.  Relevant factors in considering reliability include: "(1) whether the expert's theory can be and has been tested; (2) whether the theory has been subjected to peer review and publication; (3) the known or potential rate of error of the particular scientific technique; and (4) whether the technique is generally accepted in the scientific community."  Kilpatrick, 613 F.3d at 1335 (citing Daubert, 509 U.S. at 593-94; McCorvey, 298 F.3d at 1256). While the criteria used to evaluate the reliability of non-scientific, experience-based testimony may vary from case to case, the district court must nonetheless evaluate the reliability of the testimony before allowing its admission at trial.  Kilpatrick, 613 F.3d at 1336; Frazier, 387 F.3d at 1261-62.

The third requirement for admissibility is that the expert testimony must assist the trier of fact.  Thus, "expert testimony is admissible if it concerns matters that are beyond the understanding of the average lay person. [ ] Proffered expert testimony generally will not help the trier of fact when it offers nothing more than what lawyers for the parties can argue in closing arguments."  Frazier, 387 F.3d at 1262-63. See also Kilpatrick, 613 F.3d at 1335.

Finally, expert testimony which satisfies these three requirements may nonetheless be excluded under Rule 403 if the probative value of the expert testimony is substantially outweighed by its potential to confuse or mislead the jury, or if it is cumulative or needlessly time consuming. Frazier, 387 F.3d at 1263.  Additionally, an expert witness may not offer a legal conclusion, but Rule

704(a) provides that an opinion or inference is not objectionable because it embraces an ultimate issue to be decided by the trier of fact. Cook, 402 F.3d at 1112-13 n.8.

In this case, Lewis would be called by QBE to, among other things, compare QBE's claims handling to what he has seen in his experience to be standard and typical in the industry. With regard to the first requirements that Lewis be qualified to testify, Rule 702 permits a person to qualify as an expert based upon knowledge, skill, experience, training, or education. The record reflects that Lewis has been an insurance attorney for over 20 years and has experience in how claims are handled and therefore may competently testify regarding the matters he intends to address.

The second issue is reliability of the methodology. In this case, Lewis will give non-scientific, experience-based testimony that the Court finds no reason in the record to find unreliable. Royal Marco's objection that Lewis has not reviewed any other claims but Royal Marco's is not well taken in that this fact does not preclude him from testifying, but is something that Royal Marco may wish to cross-examine him on.

The third issue is whether the opinion will aid the jury. The Court finds that this requirements is met as the standards for handling insurance claims is not a matter of such common knowledge that a jury would not benefit from an expert's opinion. Finally, the probative value of the expert's testimony is substantially outweighed by its potential to confuse or mislead the jury. Royal Marco will have ample opportunity to cross-examine Lewis so that any risk of confusion may be addressed. Therefore, the Motion is due to be denied. Even though the Court will allow Lewis to testify, the Court at trial, will entertain objections to the specific testimony. The Court is not inclined to let Lewis testify as to the ultimate conclusion that this case was handled in "good" or "bad" faith. That is a determination that is reserved exclusively for the jury.

***(B) Defendant's Motion in Limine to Exclude References to or Evidence of General Business Practices which are Unrelated and/or Not at Issue in the Instant Case and Incorporated Memorandum of Law (Doc. #304)***

QBE anticipates that Royal Marco may attempt to raise at trial purported evidence of general business practices which bear no relation whatsoever to its own claim as many of these "general business practices" did not occur in this case.  Royal Marco agrees that it "cannot allege general business practices that did not occur in its claim."  Therefore, the Motion is due to be granted.

***(C) Defendant's Motion in Limine to Exclude References to or Evidence of Negotiations, Discussions, Comments, or Documents Related to Settlement of Other Claims/Litigation and Incorporated Memorandum of Law (Doc. #305)***

QBE anticipates that Royal Marco may attempt to raise at trial communications or documents referencing settlements for other claims.  Royal Marco argues that evidence it has obtained on other claims, including settlement offers, negotiations, and amounts, confirmed as QBE's general business practice of delaying payment.  Federal Rule of Evidence 408 provides, in part, that evidence related to settlements is not admissible "when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount."  "[H]owever it explicitly permits the introduction of such offers for other purposes."  CNA Financial Corp. v. Brown, 162 F.3d 1334, 1337 (11th Cir. 1998).

The Court grants the Motion as the settlements reached in other cases is prejudicial and would require re-litigating those other claims.  Royal Marco may attempt to introduce evidence regarding the settlement offers in this case.

***(D) Defendant's Motion in Limine to Exclude References to and Evidence of Complaints and Civil Remedy Notices and Incorporated Memorandum of Law (Doc. #306)***

QBE anticipates that Royal Marco may attempt to bring at trial documentation and/or testimony related to Complaints and Civil Remedy Notices filed by Plaintiff's firm or other

similarly-situated firms against QBE in other claims, as indicative of the fact that QBE commonly engaged in bad faith practices. The record in this case shows that Civil Remedy Notes were filed against QBE when in fact nothing wrong had occurred. Thus, the multiplicity of Complaints and Civil Remedy Notes does not demonstrate bad faith; rather, it is a finding of inappropriate conduct which controls. Royal Marco is not allowed to put on evidence of the number of Complaints and Civil Remedy Notices filed. This would be unduly prejudicial and could confuse the jury.

However, if there was a finding of wrongdoing, then the Complaints and Civil Remedy Notices could be relevant. This, though, will depend on Royal Marco's proofs offered at trial. Thus, the motion is due to be granted in part and denied in part.

### *(E) Defendant's Motion in Limine to Exclude References to or Evidence of Litigation Conduct and Incorporated Memorandum of Law (Doc. #307)*

QBE asserts that throughout the course of this proceeding, Royal Marco has argued and suggested that it intends to put forth litigation conduct to support their bad faith case, including bad faith tactics of QBE's counsel. The record in this case shows that QBE's counsel often acts as claims adjustors for QBE. Royal Marco concedes that it "does not intend to introduce evidence of QBE's counsel's conduct during litigation, save as expressions by QBE of common tactics. Rather, it intends to introduce evidence of QBE's bad faith conduct in adjusting claims, some of which was executed by QBE's counsel before and/or during the litigation of a claim. The Court finds that litigation conduct is not admissible; however, evidence involving the attorneys' adjustment of Royal Marco's claim will not be considered litigation and is therefore admissible. Accordingly, the Motion is due to be granted in part and denied in part.

### *(F) Defendant's Motion in Limine to Exclude References to and Evidence of Indemnity Reserves and Incorporated Memorandum of Law (Doc. #308)*

QBE anticipates that Royal Marco may attempt to present evidence of, or make reference to, QBE's insurance reserves during the course of trial.  QBE argues that such evidence is not relevant and may be confusing, mislead the jury, and be prejudicial to Defendant.  The Court finds that this evidence is relevant to Royal Marco's bad faith claim and any risk of confusion is remedied because QBE may put on evidence regarding the reserve amount as outlined in their brief. Thus, the Motion is due to be denied.

### *(G) Defendant's Motion in Limine to Exclude References to "Denial Team" and Incorporated Memorandum of Law (Doc. #309)*

The Court denies this Motion without prejudice as a ruling will depend on the evidence offered by Royal Marco and admitted at trial as to the individuals at QBE that referred to the group of experts employed by QBE as the "denial team."  However, until such time as there is evidence of who dubbed these individuals the "denial team," the use of this moniker will not be allowed.

### *(H) Defendant's Motion in Limine to Exclude References to or Evidence of Any Information Derived from Documents Inadvertently Produced by QBE (Doc. #310)*

This Motion is essentially unopposed as Royal Marco's response indicates that it has agreed it will not use any of the information learned and/or obtained from any of the inadvertently produced documents.  Therefore, the Motion is due to be denied as moot.

### *(I) Royal Marco's Motion in Limine for Adverse Inference Jury Instructions and Incorporated Memorandum of Law (Doc. #311)*

Royal Marco moves the Court for an adverse inference jury instruction because it claims that QBE has repeatedly refused or failed to produce documents that are known to exist.  The Court believes a ruling on this Motion would be premature given that it is not yet known what proofs and

documents will be offered and admitted at trial.  Thus, the Motion is denied without prejudice to

being renewed at trial.

### *(J) Royal Marco's Motion in Limine Precluding QBE from Introducing and/or Eliciting Irrelevant and Prejudicial Evidence and Incorporated Memorandum of Law (Doc. #312)*

Royal Marco anticipates that QBE will argue at trial that it was performing a public service

by ferreting out fraudulent claims, because otherwise Florida's residents would bear the cost of the

repairs through the Florida Hurricane Catastrophe Fund.  Royal Marco argues that this improperly

appeals to the jurors' personal pecuniary interest.  The Court finds that this is a matter for ruling as

the trial progresses.  Therefore, the Court denies the Motion without prejudice to be re-raised at trial

depending on the evidence offered by QBE.

### *(K) Royal Marco's Motion in Limine Precluding QBE from (1) Calling Witnesses and/or Introducing or Eliciting Information about Documents QBE did not Identify and/or Produce in Discovery and (2) Challenging the Authenticity of Documents Produced by its Agent Willis Re and Incorporated Memorandum of Law (Doc. #313)*

Royal Marco alleges that QBE provided Royal Marco with its Trial Witness List, which

included several witnesses not previously identified in any of QBE's disclosures and also failed to

provide documents that were under its custody and control, which were eventually produced by

Willis Re (QBE's intermediary with its reinsurers).  The Court finds that this motion is due to be

denied without prejudice to raise objections on a matter-by-matter basis at trial.  Authenticity

objections may be made as documents are presented.

### *(L) Royal Marco's Motion in Limine to Preclude QBE from Relying Upon or Mentioning the Target Market Conduct Examination Report and Resulting Consent Order and Incorporated Memorandum of Law (Doc. #316)*

Royal Marco anticipates that QBE may introduce evidence of or refer to the Target Market

Conduct Examination and Consent Order at trial to show that it has been in compliance since the

date of the Report and Consent Order and/or that its violations are not indicative of a general

business practice given the amount of the fine relative to the number of claims.  Royal Marco also

asserts that QBE may argue that the Report proves that the State of Florida found QBE to be in

substantial compliance with Florida law.  Royal Marco argues that the Report and Consent Order

are irrelevant, prejudicial and inadmissible hearsay.

The Court finds that this Motion is due to be denied as QBE may attempt to introduce the

report in rebuttal.  QBE may not go so far as to state that this Report and Consent Order shows that

it was not in violation of Florida law.  That is a legal determination that Court is not aware has been

made.

### (M) Royal Marco's Motion in Limine to Preclude QBE from Commenting Upon, Referring to, Introducing Evidence of, Eliciting Testimony Regarding or Otherwise Attempting to Inform the Jury of Irrelevant Evidence Such as (1) Royal Marco's Alleged Non-Compliance with Policy Conditions and (2) Royal Marco's Residents' Wealth and Incorporated Memorandum of Law (Doc. #317)

Royal Marco asserts that throughout the course of this case QBE has elicited testimony

concerning the wealth and snowbird status of Royal Marco's condominium owners in an effort to

paint them as rich, demanding Florida snowbirds and that Royal Marco failed to comply with policy

provisions.  With regard to compliance with the policy provisions, Royal Marco argues that the

contract claim has already been resolved and there was a finding that monies were due and owed to

Royal Marco under the contract by QBE.

With regard to the non-compliance issue, the Motion is due to be denied.  Royal Marco's

purported non-compliance is relevant to QBE's case.  With regard to snowbird status and wealth,

the Court finds that snowbird status is relevant to the timeline on which the repairs needed to be

done, but evidence of the resident's wealth is clearly prejudicial and irrelevant.  Thus, this Motion

is due to be granted in part and denied in part.

Accordingly, it is now

**ORDERED:**

(A)     Royal Marco's Motion in Limine to Preclude Expert Testimony of William Lewis,

Esq. and Incorporated Memorandum of Law (Doc. #303) is **DENIED**.

(B)     Defendant's Motion in Limine to Exclude References to or Evidence of General

Business Practices which are Unrelated and/or Not at Issue in the Instant Case and Incorporated

Memorandum of Law (Doc. #304) is **GRANTED**.

(C)     Defendant's Motion in Limine to Exclude References to or Evidence of Negotiations,

Discussions, Comments, or Documents Related to Settlement of Other Claims/Litigation and

Incorporated Memorandum of Law (Doc. #305) is **GRANTED**.

(D)     Defendant's Motion in Limine to Exclude References to and Evidence of Complaints

and Civil Remedy Notices and Incorporated Memorandum of Law (Doc. #306) is **GRANTED in

part and DENIED in part**.

(E)     Defendant's Motion in Limine to Exclude References to or Evidence of Litigation

Conduct and Incorporated Memorandum of Law (Doc. #307) is **GRANTED in part and DENIED

in part**.

(F)     Defendant's Motion in Limine to Exclude References to and Evidence of Indemnity

Reserves and Incorporated Memorandum of Law (Doc. #308) is **DENIED**.

(G)     Defendant's Motion in Limine to Exclude References to "Denial Team" and

Incorporated Memorandum of Law (Doc. #309) is **DENIED WITHOUT PREJUDICE**.

(H)     Defendant's Motion in Limine to Exclude References to or Evidence of Any Information Derived from Documents Inadvertently Produced by QBE (Doc. #310) **DENIED AS MOOT**.

(I)     Royal Marco's Motion in Limine for Adverse Inference Jury Instructions and Incorporated Memorandum of Law (Doc. #311) is **DENIED WITHOUT PREJUDICE**.

(J)     Royal Marco's Motion in Limine Precluding QBE from Introducing and/or Eliciting Irrelevant and Prejudicial Evidence and Incorporated Memorandum of Law (Doc. #312) is **DENIED WITHOUT PREJUDICE.**

(K)     Royal Marco's Motion in Limine Precluding QBE from (1) Calling Witnesses and/or Introducing or Eliciting Information about Documents QBE did not Identify and/or Produce in Discovery and (2) Challenging the Authenticity of Documents Produced by its Agent Willis Re and Incorporated Memorandum of Law (Doc. #313) is **DENIED WITHOUT PREJUDICE**.

(L)     Royal Marco's Motion in Limine to Preclude QBE from Relying Upon or Mentioning the Target Market Conduct Examination Report and Resulting Consent Order and Incorporated Memorandum of Law (Doc. #316) is **DENIED**.

(M)     Royal Marco's Motion in Limine to Preclude QBE from Commenting Upon, Referring to, Introducing Evidence of, Eliciting Testimony Regarding or Otherwise Attempting to Inform the Jury of Irrelevant Evidence Such as (1) Royal Marco's Alleged Non-Compliance with Policy Conditions and (2) Royal Marco's Residents' Wealth and Incorporated Memorandum of Law (Doc. #317) is **GRANTED in part and DENIED in part**.

2:07-cv-00016-UA-SPC Royal Marco Point I Condominium Association, Inc. v. QBE Insurance Corporation

**DONE AND ORDERED** at Fort Myers, Florida, this ___2___ day of February, 2011.


_____s/ _David A. Katz_____
DAVID A. KATZ
U. S. DISTRICT JUDGE



SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE


Copies: All Parties of Record